IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

WILLIE ARTHUR SULLEN, :
:
    Petitioner, :
:
vs. : CIVIL ACTION 13-0166-KD-M
:
CYNTHIA WHITE, :
:
    Respondent. :

REPORT AND RECOMMENDATION

    This is an action under 28 U.S.C. § 2254 by an Alabama inmate that was referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 72.2(c)(4), and Rule 8 of the Rules Governing Section 2254 Cases. This action is now ready for consideration. The state record is adequate to determine Petitioner's claims; no federal evidentiary hearing is required. It is recommended that this habeas petition be dismissed as time-barred and that judgment be entered in favor of Respondent Cynthia White and against Petitioner Willie Arthur Sullen pursuant to 28 U.S.C. § 2244(d). It is further recommended that any certificate of appealability filed by Petitioner be denied as he is not entitled to appeal *in forma pauperis.*

1

Petitioner was convicted of first-degree assault in the Mobile County Circuit Court on February 4, 1981 for which he received a sentence of life, pursuant to the Alabama Habitual Felony Offender Act, in the state penitentiary (*see* Doc. 7, p. 2). On appeal, the Alabama Court of Criminal Appeals affirmed the conviction and sentence. *Sullen v. State*, 409 So.2d 903 (Ala. Crim. App. 1981) (*see also* Doc. 7, Exhibit D). The certificate of final judgment was entered on January 29, 1982. *See Sullen v. State*, 409 So.2d 903 (Ala. Crim. App. 1981); *cf.* Doc. 7, Exhibit A, p. 35.

Petitioner filed his first State petition for post-conviction relief, a writ of *error coram nobis*, on March 14, 1983 (*see* Doc. 7, Exhibit A, p. 36). That petition was denied, a decision affirmed by the Alabama Court of Criminal Appeals, without an opinion, on November 22, 1983 (*see* Doc. 7, Exhibit A, p. 36).

Sullen filed his eighth[1] petition for post-conviction relief, a Rule 32 petition, on August 25, 2011 (Doc. 7, Exhibit A, pp. 26-33). On January 12, 2012, the petition was denied as

---

[1] The Court finds it unnecessary to set out the complete history of Sullen's challenges, through the State courts, of his conviction and sentence, noting that the State has done so in its Answer to this petition (*see* Doc. 7, pp. 2-6).

his claims were without merit (Doc. 7, Exhibit A, p. 14). On August 10, 2012, the Alabama Court of Criminal Appeals affirmed that denial in a memorandum opinion (Doc. 7, Exhibit D; *see also* Doc. 7, p. 6). A certificate of judgment was entered on October 3, 2012 (Doc. 7, Exhibit E).

Petitioner filed a complaint with this Court on April 5, 2013 raising the following claims: (1) The post-conviction relief in the State Courts denied him due process; (2) the sentence against him was improper in that the prior convictions used to enhance his sentence were inapplicable under the Habitual Felony Offender Act; (3) he was denied equal protection of the laws; and (4) his sentence was excessive (Doc. 1; *cf.* Doc. 7, p. 1).

Respondent has answered the petition, arguing that it should be dismissed as it was not filed within the one-year statute of limitations period (Doc. 7, pp. 7-9). Respondent refers to provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 (hereinafter *AEDPA*) which amended, in pertinent part, 28 U.S.C. § 2244. The specific provision states as follows:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation

> period shall run from the latest of the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

28 U.S.C. § 2244(d)(1)(A). The AEDPA became effective on April 24, 1996. *Goodman v. United States*, 151 F.3d 1335, 1336 (11th Cir. 1998). The Eleventh Circuit Court of Appeals held that the one-year limitations period would begin to run on that date, April 24, 1996, for potential habeas petitioners whose convictions had already become final by way of direct review. *Goodman*, 151 F.3d at 1337; *Wilcox v. Florida Dept. of Corrections*, 158 F.3d 1209, 1211 (11th Cir. 1998). In other words, the Eleventh Circuit Court of Appeals established a "grace period" through April 23, 1997 so that federal and state criminal defendants would not lose the opportunity to seek federal habeas review.

Petitioner's conviction became final on January 29, 1982, the day the certificate of final judgment was entered. *See Sullen v. State*, 409 So.2d 903 (Ala. Crim. App. 1981); *cf.* Doc. 7, Exhibit A, p. 35. As such, Sullen's conviction became final prior to the effective date of the AEDPA. So, under *Goodman*, the AEDPA limitations clock did not begin to run until April 24, 1996 for Sullen and ran for one year. Petitioner's habeas

4

corpus petition was not filed in this Court until April 5, 2013, nearly sixteen years after the grace period had expired.

As noted in footnote one, Petitioner was quite litigious in challenging his conviction and sentence. However, on April 24, 1996, Sullen had no challenges before the State courts. Specifically, Petitioner's fourth petition was dismissed on February 8, 1993 by the Alabama Court of Criminal Appeals (*see* Doc. 7, pp. 3-4; *cf.* Doc. 7, Exhibit A, p. 36). Sullen filed his fifth petition on September 25, 2000 (*see* Doc. 7, p. 4; *cf.* Doc. 7, Exhibit A, p. 36).

This means that during that one-year period ending on April 23, 1997, Petitioner was not in the process of seeking post-conviction relief. This is relevant because, under AEDPA, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). As Sullen had no actions before the State courts during that year, his limitations period ran before this action was filed.

Clearly, Petitioner's habeas corpus petition was filed well beyond the one-year grace period and filed in violation of 28 U.S.C. § 2244(d). In arguing that AEDPA should not be used to

5

bar him from review in this Court, however, Sullen has asserted that he is actually innocent of the prior convictions that were used to enhance his sentence (Doc. 10).

The U.S. Supreme Court, in *Schlup v. Delo*, 513 U.S. 298, 324 (1995), has stated that, in raising an actual innocence defense to a procedural bar, a petitioner must "support his allegations of constitutional error with new reliable evidence— whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." The evidence presented "must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup*, 513 U.S. at 327. In other words, Petitioner must persuade this Court, "that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup*, 513 U.S. at 329. A court can consider constitutional infirmities only after this threshold has been met.

In this action, the Court notes that Petitioner offers only assertions of his innocence. There is no offer of new evidence. The Court finds that Petitioner has made no showing of actual innocence and has not overcome the statute of limitations

6

problem presented.  The Court finds that Petitioner has provided no cause for ignoring the dictates of the Anti-Terrorism and Effective Death Penalty Act of 1996:  this action is time-barred.

For the reasoning stated herein, it is recommended that this habeas petition be dismissed as time-barred and that judgment be entered in favor of Respondent Cynthia White and against Petitioner Willie Arthur Sullen pursuant to 28 U.S.C. § 2244(d).

Furthermore, pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the undersigned recommends that a certificate of appealability (hereinafter *COA*) in this case be denied.  28 U.S.C. foll. § 2254, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant").  The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a COA.  28 U.S.C. § 2253(c)(1). A COA may issue only where "the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Where a habeas petition is being denied on procedural grounds, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable

whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As Sullen did not file this action in a timely manner under AEDPA, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that Sullen should be allowed to proceed further. *Slack,* 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further").

## **CONCLUSION**

It is recommended that Petitioner's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be denied. It is further recommended that any certificate of appealability filed by Petitioner be denied as he is not entitled to appeal *in forma pauperis*.

## **NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who

objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(B); S.D. ALA. L.R.72.4.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

    DONE this 1st day of August, 2013.

                                                  s/BERT W. MILLING, JR.
                                                  UNITED STATES MAGISTRATE JUDGE